UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANA GABRIELA MURSOLI-
CABALLERO,

    Plaintiff,

v.                                Case No: 5:21-cv-21-Oc-39PRL

MICHAEL CARVAJAL and
KATHY LANE,

    Defendants.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Plaintiff, Ana Gabriela Mursoli-Caballero, a federal prisoner, initiated this case by filing a "memorandum for a temporary restraining order and a preliminary injunction" (Doc. 2; Motion), an order to show cause (Doc. 1; Show Cause Order), a motion for appointment of counsel and to proceed as a pauper (Doc. 3), and a motion to seal medical records (Doc. 4).[1] Plaintiff has not filed a

---

[1] Plaintiff provides no medical records. Regardless, before instructing the Clerk to docket Plaintiff's filings, the Court reviewed the documents and found sealing is not warranted under the circumstances. See Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). See also M.D. Fla. R. 1.09(a) (eff. Feb. 1, 2021) ("Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification.").

civil rights complaint form, but in her memorandum, she cites Bivens² and 28 U.S.C. § 1331 as the basis for the Court's jurisdiction, suggesting she intends to initiate a civil rights action. See Motion at 1.

Plaintiff asserts she seeks injunctive relief "to remedy the intolerable inhumane and medically dangerous conditions at the Federal Correctional Complex, Coleman Camp in Coleman, Florida." Id. She contends her conditions of confinement "create a substantial risk of harm from both Legionella and the [COVID]-19 virus exposure." Id. at 2. Plaintiff further complains the Coleman Camp is making limited use of the home confinement mandate and failing to adhere to safety protocols to protect inmates from contracting and spreading COVID-19 (such as ensuring inmates can meaningfully distance from one another, placing infected inmates in quarantine, testing those exposed to the virus, providing proper medical care, and sanitizing common areas). Id. at 2, 5-7, 10-11.

Referencing the CARES act³ and the compassionate release statute, 18 U.S.C. § 3582, Plaintiff asserts the Warden's "failure to transfer her to Home

---

² In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

³ Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

Confinement constitutes deliberate indifference." Id. at 9, 15. Plaintiff asks the Court "for appropriate measures to be taken to remove [her] from this fatally infectious situation and allow [her] to at least be placed on Home Confinement as Attorney General Barr stated in his April 3, 2020 memo." See Show Cause Order at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff does not carry her burden. First, she fails to assert facts showing she will suffer irreparable injury if an injunction does not issue. She

3

merely alleges that, like everyone, she fears contracting COVID-19. But Plaintiff provides no facts showing she is more at risk than other inmates of contracting the virus. She says only in a conclusory manner that she is "a medically vulnerable inmate of high risk with serious illnesses that have a high morbidity and mortality if she contracts the [COVID-19] virus." See Motion at 11. Plaintiff offers no facts supporting this statement, nor does she provide documentation showing she is particularly at risk.

Second, Plaintiff fails to show a likelihood of success on the merits of an underlying Bivens claim. A Bivens action is meant to have a deterrent effect on federal actors who violate an inmate's constitutional rights. As such, the proper defendant in a Bivens action is the individual officer who allegedly deprived a federal inmate of her constitutional rights, and the appropriate remedy is damages, not injunctive relief. See Carlson v. Green, 446 U.S. 14, 21 (1980) (recognizing Bivens extends damages remedies against individuals).

A prisoner may not maintain a Bivens action against the Bureau of Prisons (BOP), prison officials in their supervisory capacities, or individual corrections employees in their official capacities. Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). See also F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) (declining to expand the category of Bivens defendants to include federal agencies, in part because "the purpose of Bivens is to deter the officer" (emphasis in original)).

4

Plaintiff seeks to proceed against the Warden of Coleman Camp and the Director of the BOP simply because of the supervisory positions they hold. Such a theory of liability is not cognizable under Bivens. Additionally, Plaintiff seeks solely injunctive relief, not damages. Regardless, a district court may not dictate the location of an inmate's confinement. The BOP has exclusive jurisdiction to decide where to house prisoners, including whether to place them in home confinement. See 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.");[4] United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (holding a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

Because Plaintiff fails to demonstrate that injunctive relief is warranted, this action is due to be dismissed. If Plaintiff seeks to pursue a claim based on the alleged unconstitutional conditions of confinement at

---

[4] The sentencing court can recommend that a prisoner be placed in a particular "type of penal or correctional facility," but the decision whether to place a prisoner in home confinement rests with the BOP. See 18 U.S.C. § 3621(b)(4)(B).

Coleman Camp, she may file a complaint using the provided civil rights complaint form. Plaintiff should know, however, that claims against federal actors under Bivens are not coextensive with those against state actors under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts: gender discrimination in the workplace and deliberate indifference to serious medical needs in prison. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson, 446 U.S. at 21).

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of her confinement, if she elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for a temporary restraining order and a preliminary injunction (Docs. 1 & 2) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile her claims, she should not place this case number on

the form. The Clerk will assign a separate case number if Plaintiff elects to refile her claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Ana Gabriela Mursoli-Caballero